UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRENCE BROWN (#03203-095)

VERSUS                                              CIVIL ACTION

BUREAU OF PRISONS                                   NUMBER 08-594-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 3, 2008.

                                       STEPHEN C. RIEDLINGER
                                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRENCE BROWN (#03203-095)

VERSUS                                                   CIVIL ACTION

BUREAU OF PRISONS                                        NUMBER 08-594-RET-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at the Federal Correctional Complex, Forrest City, Arkansas, filed this action pursuant to 5 U.S.C. § 552 against the Bureau of Prisons ("BOP"). Plaintiff alleged that the BOP violated provisions of the Privacy Act, 5 U.S.C. § 552a, by failing to correct inaccurate portions of his prison record.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may

dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that United States Probation Office in the Middle District of Louisiana prepared a presentence investigation report ("PSI") about him that improperly contained information regarding a 1981 arrest. Plaintiff alleged that the Bureau of Prisons refused to redact any reference to the 1981 arrest from his prison record. Plaintiff alleged that the inaccuracies in his PSI have caused adverse determinations regarding his custody and security classification.

The Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). The Privacy Act permits an individual to request an amendment to a record pertaining to him and requires the agency either to promptly

correct the record or to explain its reasons for refusing to amend. *See* 5 U.S.C. § 552a(d)(2). An individual may bring a civil action if the agency declines to amend the record or fails to maintain accurate records and the plaintiff suffers an adverse determination as a result of the agency's decision. 5 U.S.C. § 552a(g)(1)(C). A plaintiff can recover monetary damages if the agency's conduct was intentional or willful. 5 U.S.C. § 552a(g)(4).

An agency may promulgate regulations to exempt certain systems of records within the agency from the Privacy Act. 5 U.S.C. § 552a(j)(2). Systems of records containing investigatory material compiled for law enforcement purposes are exempt. 5 U.S.C. § 552a(k)(2). Pursuant to this authority, regulations exempt the Bureau of Prison's Inmate Central Records System. 28 C.F.R. § 16.97(a)(4); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998). Because a PSI is maintained in the Inmate Central Records System, the plaintiff is barred from pursuing a Privacy Act claim seeking amendment of the contents of the PSI.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(e).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28

3

U.S.C. §1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(e).

Baton Rouge, Louisiana, November 3, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

4